UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE STEVENS AND HELEN NICKELS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY OF ST. LOUIS, TONYA HARRY, ) <br> TONYA HALL, ROBERT BOND, CARLA ) <br> HARRISON, LOUIS SOWARD, AND ) <br> CORRECTIONAL MEDICAL SERVICES, ) <br> INC., ) <br> ) <br> Defendants. ) | Case No. 4:10CV0951 JCH |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel and Memorandum in Support Thereof ("Motion"; ECF No. 86). This matter has been briefed and is ready for disposition.

**DISCUSSION**

**I.   INTERROGATORIES**

Plaintiffs ask the Court to order Defendant Corizon, Inc. f/k/a Correctional Medical Services, Inc. ("Corizon") to supplement its answers and responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents. As discussed in more detail herein, the Court finds Corizon has responded adequately to discovery. The disputed discovery requests are either overbroad or request confidential information. To allow the exchange of relevant but confidential information, the Court orders the parties to submit a proposed protective order to the Court by **Wednesday, November 16, 2011**.

A.      Interrogatory 5

In interrogatory number 5, Plaintiffs ask Corizon to provide "the names and addresses of every person known by defendant, defendant's representatives or defendant's attorney to have witnessed the Incident,[1] or who was present at the scene within sixty (60) minutes of the Incident (either before or after).  Designate which of such people actually claim to have witnessed the Incident."  In response, Corizon produced Mr. Stevens's medical records and identified the names of the individual medical personnel involved in treating Mr. Stevens. (Defendant Corizon, Inc. f/k/a Correctional Medical Services, Inc.'s Opposition to Plaintiffs' Motion to Compel Discovery ("Response"), ECF No. 87, ¶10).  Corizon stated that it has no responsive information other than those individuals identified in the medical records.  (Id.).  Plaintiffs scheduled the depositions of the nurses identified in the medical records and the Corizon corporate designee.  (Id.).  The Court finds that Corizon has answered this interrogatory.

Corizon also stated that it would not provide the addresses of current or former employees without a protective order.  (Id.).  Accordingly, the Court orders the parties to submit a a proposed protective order to the Court by Wednesday, November 16, 2011.

B.      Interrogatory Number 6

In interrogatory number 6, Plaintiffs ask for Corizon for "written or recorded statements" regarding the Incident and the names, address and employer of such statements.  Corizon objected to this interrogatory on the basis that it seeks attorney work product.  (Response, ¶13).  Plaintiffs have not provided any reason that this objection is improper; they only note that Corizon made this objection in a supplemental document.  (Plaintiffs' Reply to Defendant's Response to Plaintiffs'

---

[1] The interrogatories define the "Incident" as the death of Michael Stevens occurring on or about April 26, 2008. Plaintiffs allege that Robert Francis strangled Mr. Stevens to death. (ECF No. 60, ¶¶32-38).

Motion to Compel ("Reply"), ECF No. 89, p. 2). The Court finds no basis for compelling production of information that is protected by the work product privilege.

      C.      Interrogatory Numbers 8 , 9 and 12

In interrogatory numbers 8 and 9, Plaintiffs seek the names and addresses of Corizon's employees who were working when Mr. Stevens was admitted into the St. Louis Justice Center and on the date of Mr. Stevens's death. Interrogatory number 12 seeks the names and addresses of Corizon's employees who and who performed Mr. Stevens's intake into the St. Louis Justice Center. Corizon objects because these interrogatories constitute a fishing expedition and because they seek confidential information that should be subject to a protective order. (Response, ¶¶15, 19). The Court agrees that interrogatory numbers 8, 9 and 12, as written, are overbroad as they request information regarding employees who were not involved in the intake of Mr. Stevens to the facility and who were not present during the Incident. Moreover, as previously discussed, the Court orders the parties to submit a proposed protective order by Wednesday, November 16, 2011, which should alleviate the confidentially concerns regarding Corizon's employees' private information.

      D.      Interrogatory Number 10 and 11

Interrogatory number 10 seeks the names and addresses of Corizon employees who were working when Mr. Francis was admitted into the St. Louis Justice Center. Similarly, Interrogatory number 11 seeks the names and addresses of Corizon's employees who and who performed Mr. Francis's intake into the St. Louis Justice Center. Corizon notes that it cannot release the medical records of Mr. Francis because he is not a party to this lawsuit. (Response, ¶17). Plaintiffs state that they also are seeking "a court order" to disclose Mr. Francis's protected health information (Motion, ¶f), but Plaintiffs have not filed any such motion or provided any authority for this Court to grant such

relief regarding a nonparty to this lawsuit. The Court will not compel the medical information of a third party, as requested in interrogatory numbers 10 and 11.

    E.    Interrogatory Numbers 14, 15 and 18

Interrogatory number 14 asks Corizon to describe the training provided to employees to determine whether an individual is "fit for confinement." Interrogatory number 15 seeks the qualifications required of employees who determine whether individuals are "fit for confinement." Interrogatory number 18 asks Corizon to define "fit for confinement" under its policies, rules and procedures. In response, Corizon stated that its staff is educated on the policies and process for "Receiving Screening" and "Mental Health Screening" and produced policies regarding the same. (Response, ¶21). Corizon also objected that this interrogatory called for a narrative response and noted that the Corizon corporate representative's deposition was scheduled. (Id.). Plaintiffs respond that an objection that an interrogatory calls for a narrative answer is not a proper objection. (Reply, p. 4). The Court finds that Corizon has answered these interrogatories sufficiently. Corizon provided the responsive policies. Plaintiffs can direct any additional inquiries regarding these policies to the Corizon corporate representative.

## II.    Requests for Production

    A.    Request Number 7[2]

In request number 7, Plaintiffs ask for any "documents that reference Robert Francis, including all medical records, intake forms, and/or notes[.]" Corizon objects to this request on the basis that it seeks protected health information regarding a nonparty. (Response, ¶25). As previously discussed, this Court cannot compel Corizon to produce protected health information.

---

[2]It appears that the parties have resolved their dispute with respect to request number 4. Corizon has withdrawn its objection (Response, ¶23), and Plaintiffs do not address this request in their Reply.

B.      Request 8

In request number 8, Plaintiffs seek the employment files of Corizon employees who were working on April 28, 2008 when Mr. Stevens and Mr. Francis were admitted into the St. Louis Justice Center. Corizon objects to this request because it is overbroad and seeks confidential information. (Response, ¶27). The Court agrees. Request number 8 seeks information regarding employees who were not involved in the admission of Mr. Stevens or Mr. Francis. To the extent that Plaintiffs seek the records of employees who were involved in the admission of Mr. Stevens or Mr. Francis and who may have relevant information, the Court orders the parties to submit a proposed protective order by Wednesday, November 16, 2011, which should alleviate the confidentially concerns.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel and Memorandum in Support Thereof (ECF No. 86) is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that parties shall submit a proposed protective order by **Wednesday, November 16, 2011**.

Dated this 10th day of November, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE